IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

10 APR 23 AM 10:19

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| WILLIAM J. KUEHN<br>7909 Melody Lane<br>Dublin, Ohio 43016<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZIMMER HOLDINGS, INC.,<br>ZIMMER, INC.,<br>c/o David C. Dvorak,<br>Chief Executive Officer and President<br>345 East Main Street<br>Warsaw, Indiana 46580<br><br>John Does 1-5,<br>Address Unknown<br><br>　　　　Defendants. | Case No. 2:10 cv 351<br><br>JUDGE SARGUS<br><br>Judge _____<br><br>MAGISTRATE JUDGE KING<br><br>JURY DEMAND ENDORSED HEREON |

## COMPLAINT
### JURISDICTION AND VENUE

1.  Plaintiff William J. Kuehn ("Plaintiff") resides in the city of Dublin, Franklin County, Ohio.

2.  As manufacturers and suppliers of an ethical medical device known as the Durom Acetabular Component, also known as the Durom Cup (the "Durom Cup" or the "Product"), Defendants Zimmer Holdings, Inc. and Zimmer, Inc. operate as Delaware corporations for profit with their principal places of business located in Warsaw, Kosckuisko County, Indiana; and (collectively, "Defendants").

3.  Since the events that give rise to the allegations of this Complaint occurred in Columbus, Franklin County, Ohio, pursuant to 28 U.S.C. §1391(a)(2), venue for this case is conferred on this Court.

105989 000001/#4820-3993-4725 v1

4. Defendant John Does #1 through #5, individuals and/or businesses whose identity and addresses are unknown, gave advice, direction, guidance, and/or helped design and manufacture the Durom Cup.

5. Based on facts alleged in this Complaint, there is complete diversity of citizenship with regard to the adverse parties to this case, conferring jurisdiction of the subject matter and of the person on this Court under 28 U.S.C. §1332(a)(2) since the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

**FIRST CAUSE OF ACTION - O.R.C. §2307.75 - Defective Design**

6. At all times pertinent to the Complaint, Defendants were engaged in design, formulation, production, construction, creation, making, assembly, testing, marketing, sale, distribution, packaging, promotion, advertising, labeling, and/or providing warnings and/or instruction for the product.

7. At all times pertinent to this Complaint, contrary to O.R.C. §2307.75, beginning in 2006, when the product left the control of Defendants, Defendants placed the product in the stream of American commerce with defective design because foreseeable risks associated with its design or formulation exceeded the benefits of that design or formulation.

8. On February 20, 2008, at Riverside Methodist Hospital, in Columbus, Franklin County, Ohio, on the recommendation of his treating physician Dr. Paul G. Melaragno, M.D. ("Dr. Melaragno"), Plaintiff underwent a surgical procedure known as a "total right hip arthroplasty" (the "Original Surgery").

9. In the performance of the Original Surgery, Dr. Melaragno and his surgical team conformed with the reasonable and generally accepted standard of care for orthopedic surgeons

in the United States and Defendants' labeling, warnings, and instructions provided with respect to the Durom Cup.

10. Defendants designed its product with an inherent propensity for the product to fail to bond to the securing host bone in an unreasonably high rate of patients implanted with the product, causing the implanted product to loosen and move in all affected patients (the "Bonding Failure").

11. Due to the Bonding Failure, affected patients surgically implanted with the product were forced to undergo necessary surgical revisions of their total hip replacements.

12. In a notice to surgeons in the United States entitled "Urgent Device Correction" and in an associated press release, both dated July 22, 2008, Defendants publicly announced that they would immediately "suspend marketing and distribution of the [product] in the U. S."

13. As a direct and proximate result of Defendants' defective product, within months of the Original Surgery, Plaintiff experienced progressive symptoms and limitations from a bonding failure of Defendants' surgically implanted product.

14. On or about July 25, 2008, Plaintiff received correspondence from Dr. Melaragno about the bonding failure of Defendants' product.

15. On or about August 25, 2008, Plaintiff visited with Dr. Melaragno to discuss the continued pain that Plaintiff was experiencing in his right hip. At that meeting, Dr. Melaragno noted the defects of the Durom Cup and indicated to Plaintiff that if his pain did not subside, he would need his right hip replaced again.

16. On October 16, 2008, at Riverside Methodist Hospital, Dr. Melaragno surgically extracted the product from Plaintiff's right hip and performed a second right total hip replacement with substituted medical devices and componentry (the "Revision Surgery").

17. At the request of Plaintiff, Dr. Melaragno arranged to preserve the prosthetic hip components, including the product, extracted in the Revision Surgery.

18. On or about March 24, 2009, at Riverside Methodist Hospital, Dr. Melaragno performed a third surgery due to the Plaintiff developing a postoperative infection in his right hip (the "Infection Surgery").

19. As a direct and proximate cause of Defendants' defective product and the associated Original Surgery, the Bonding Failure, the necessary Revision and Infection Surgeries, Plaintiff suffered harm involving permanent injuries to his body, causing noneconomic loss due to physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform normal and usual activities (collectively, the "Injuries").

20. As a direct and proximate result of his Injuries, Plaintiff incurred economic loss, including reasonable expenses for his necessary medical services and lost wages.

## SECOND CAUSE OF ACTION - O.R.C. §2307.76 - Defective Failure to Warn

21. Plaintiff incorporates by reference and makes part hereof paragraphs one (1) through nineteen (19) of this Complaint as if completely rewritten.

22. At all times pertinent to this Complaint, contrary to O.R.C. §2307.76(A)(1), Defendants placed the product in the stream of American commerce in a defective condition due to inadequate warning and/or instruction to surgeons and/or patients at the time of its marketing and when it left the control of Defendants since (a) Defendants failed to exercise reasonable care because Defendants should have known about the risk of the Bonding Failure of its product, and (b) thereupon, Defendants failed to provide warning and/or instruction to surgeons and/or patients that in the exercise of reasonable care, Defendants should have provided concerning that

risk, in light of the likelihood that the product would cause harm such as Plaintiff has alleged in this Complaint and in light of the likely seriousness of that harm.

23. As a direct and proximate cause of Defendants' defective product and the associated Original Surgery, the Bonding Failure, the necessary Revision and Infection Surgeries, Plaintiff suffered the Injuries.

24. As a direct and proximate result of his Injuries, Plaintiff incurred economic loss, including reasonable expenses for his necessary medical services and lost wages.

### THIRD CAUSE OF ACTION - O.R.C. §2307.78 - Supplier Liability

25. Plaintiff incorporates by reference and makes part hereof paragraphs one (1) through twenty-three (23) of this Complaint as if completely rewritten.

26. Defendants qualify as suppliers of the product because Defendants, in the course of a business conducted for the purpose, sold, distributed, packaged, and/or labeled the product and/or otherwise participated in the placing of the product in the stream of American commerce.

27. Defendants negligently performed as suppliers of the product.

28. As a direct and proximate cause of Defendants' defective product and the associated Original Surgery, the Bonding Failure, the necessary Revision and Infection Surgeries, Plaintiff suffered the Injuries.

29. As a direct and proximate result of his Injuries, Plaintiff incurred economic loss, including reasonable expenses for his necessary medical services and lost wages.

### FOURTH CAUSE OF ACTION - O.R.C. §2307.74 - Defect in Manufacture

30. Plaintiff incorporates by reference and makes part hereof paragraphs one (1) through twenty-eight (28) of this Complaint as if completely rewritten.

31. Based upon information and belief, the Defendants are the manufacturer (as that term is used in Ohio Revised Code Section 2307.74) of the Durom Cup.

32. When the Durom Cup left the control of Defendants, the product deviated in a material way from the design specifications of Defendants, or from otherwise identical units manufactured by Defendants to the same design specifications.

33. As a direct and proximate cause of Defendants' defective product and the associated Original Surgery, the Bonding Failure, the necessary Revision and Infection Surgeries, Plaintiff suffered the Injuries.

34. As a direct and proximate result of his Injuries, Plaintiff incurred economic loss, including reasonable expenses for his necessary medical services and lost wages.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Compensatory damages to be determined at trial but reasonably expected to be in excess of $75,000.00, including compensation for, among other things, increased susceptibility to injury, pain, mental distress, loss of earning capacity, lost wages, loss of enjoyment of life, and medical and/or hospital expenses.

2. Pre-judgment and post-judgment interest;

3. Costs;

4. Attorneys' fees; and,

5. Such other further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Tim Tullis*

Timothy T. Tullis, Trial Attorney    (0042585)
ttullis@keglerbrown.com
Daniel J. Bennett                    (0079932)
dbennett@keglerbrown.com
KEGLER, BROWN, HILL & RITTER CO., LPA
65 East State St., Suite 1800
Columbus, OH  43215
Telephone: (614) 462-5400
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, said jury to be composed of the maximum number of jurors allowable by law.

Respectfully submitted,

*/s/ Tim Tullis*

Timothy T. Tullis    (0042585)
Trial Attorney
Daniel J. Bennett    (0079932)
KEGLER, BROWN, HILL & RITTER
A Legal Professional Association
65 East State St., Suite 1800
Columbus, OH  43215
Telephone: (614) 462-5400
Attorneys for Plaintiff